IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| HERSHAL SMITH, II, and | ) |
| THE VILLAGE APOTHECARY, INC., | ) |
| | ) |
| Defendants. | ) |

# COMPLAINT

NOW COMES the United States of America, by and through Matthew G.T. Martin, United States Attorney for the Middle District of North Carolina, and alleges the following:

## Introduction

1. The United States brings this action against Hershal Smith, II, ("Smith") and The Village Apothecary, Inc. ("TVA") (collectively "Defendants") to recover treble damages and civil penalties under the False Claims Act, 31 U.S.C. §§ 3729, et seq., and monetary relief under theories of unjust enrichment and payment by mistake of fact, based on false or fraudulent claims for payment that Defendants made on account of prescription drugs that Defendants falsely stated were prescribed for the mother of Defendant Smith.

## Jurisdiction and Venue

2. Jurisdiction is conferred upon the Court pursuant to 28 U.S.C. §§ 1331, 1345, and 1355(a), and supplemental jurisdiction to entertain the common law and equitable claims is conferred upon the Court pursuant to 28 U.S.C. § 1367(a).

3. Venue is proper in the Middle District of North Carolina under 31 U.S.C. § 3732(a) and 28 U.S.C. § 1391(b) and (c) because Defendants Smith and TVA reside and transact business, and committed acts that violated the False Claims Act, within the District, as set described below.

**Parties**

4. Plaintiff is the United States of America, acting on behalf of the Defense Health Agency, an agency of the United States.

5. Defendant Smith is a pharmacist licensed by the North Carolina Board of Pharmacy is a co-owner and officer of Defendant TVA.

6. Defendant TVA is a corporation organized under the laws of the State of North Carolina, and is a pharmacy located in Whispering Pines, North Carolina, within the Middle District of North Carolina. At all times relevant to this action, Defendant TVA was a participating provider in the TRICARE pharmacy program.

**Basic Allegations**

7. TRICARE is a health care program of the United States Department of Defense Military Health System. TRICARE provides civilian health benefits for United States Armed Forces military personnel, military retirees, and their dependents (referred to as "beneficiaries"). TRICARE is managed by the Defense Health Agency.

8. TRICARE includes a pharmacy program for the provision of prescription drugs to its beneficiaries.

9. The TRICARE pharmacy program is administered by the pharmacy contractor, Express Scripts, Inc. ("ESI"). As part of its administration of the TRICARE pharmacy program, ESI performs site audits of pharmacies participating in the program.

10. On or about April 1, 2013, ESI performed a site audit of Defendant TVA. As a result of the audit and a follow-up investigation, ESI determined that Defendants Smith and TVA had received improper payments from TRICARE, including the payments that are the basis of this action (the "Subject Payments").

11. TRICARE made the Subject Payments to Defendants Smith and TVA based on approximately 147 claims (the "Subject Claims") that were submitted from on or about March 5, 2012, to on or about January 21, 2013, by Defendants Smith and TVA for prescription drugs ostensibly dispensed to an individual who is a TRICARE beneficiary and the mother of Defendant Smith.

12. In the Subject Claims, Defendants Smith and TVA falsely or fraudulently stated that drugs were dispensed pursuant to prescriptions authorized by local physicians while they were aware that there were no authorized prescriptions supporting the Subject Claims, and that therefore the Subject Claims were not eligible for payment.

13. The United States omits from this Complaint the names of the individual TRICARE beneficiary and physicians and the names and amounts of the drugs listed in the Subject Claims. The United States will provide this and other pertinent information, including the relevant dates, to Defendants or their legal counsel.

14. The total amount of the Subject Payments is approximately $54,294.18.

15. Defendants Smith and TVA acted with actual knowledge, deliberate ignorance, or reckless disregard of the laws, regulations, and guidance applicable to the TRICARE pharmacy program when submitting the Subject Claims.

16. As a result of the actions of Defendants Smith and TVA, the United States paid for prescription drugs that were not covered by the TRICARE pharmacy program. But for the wrongful conduct of Defendants Smith and TVA, the United States would not have made the Subject Payments.

17. The False Claim Act, in relevant part, provides as follows:

> [A]ny person who –
>
> (A) knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval; [or]
>
> (B) knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim; …
>
> is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, as adjusted by the Federal Civil Penalties Inflation Adjustment Act of 1990 [today, minimum $10,957, maximum $21,916 per claim], plus 3 times the amount of damages which the Government sustains because of the act of that person.

31 U.S.C. § 3729(a)(1); 82 Fed. Reg. 22,9133 (Feb. 3, 2017).

## Count I
## False Claims Act - Presentation of False Claims – 31 U.S.C. § 3729(a)(1)(A)

18. The United States re-asserts the allegations set forth in paragraphs 7 through 17 as if fully set forth in this paragraph.

19. Defendants Smith and TVA knowingly presented or caused to be presented false or fraudulent claims for payment or approval to the United Sates.

4

20. The United Sates suffered damages and is entitled to treble damages and civil penalties under the False Claims Act in amounts to be determined at trial.

## Count II
### False Claims Act - Making or Using False Record or Statement to Cause False Claims to be presented – 31 U.S.C. § 3729(a)(1)(B)

21. The United States re-asserts the allegations set forth in paragraphs 7 through 17 as if fully set forth in this paragraph.

22. Defendants Smith and TVA knowingly made, used, or caused to be made or used, false records or statements to get false or fraudulent claims paid or approved by the United States.

23. The United Sates suffered damages and, therefore, is entitled to statutory treble damages under the False Claims Act and civil penalties, to be determined at trial.

## Count III
### Unjust Enrichment

24. The United States re-asserts the allegations set forth in paragraphs 7 through 16 as if fully set forth in this paragraph.

25. Defendants Smith and TVA have been unjustly enriched by receiving the Subject Payments to which they were not entitled.

26. Defendants Smith and TVA are liable to account and pay such amounts, or the proceeds therefrom, which are to be determined at trial, to the United States.

## Count IV
### Payment by Mistake of Fact

27. The United States re-asserts the allegations set forth in paragraphs 7 through 16 as if fully set forth in this paragraph.

28. The United States made the Subject Payments acting in reasonable reliance on the truthfulness of the Subject Claims and of certifications and representations by Defendants Smith and TVA.

29. Defendants Smith and TVA were not entitled to the Subject Payments.

30. Defendants Smith and TVA are liable to account and pay such amounts, or the proceeds therefrom, which are to be determined at trial, to the United States.

WHEREFORE, Plaintiff United States of America respectfully requests that the Court enter Judgment in favor of the United States and against Defendants Hershal Smith, II, and The Village Apothecary, jointly and severally, as follows:

(1) On Counts I and II, in the amount of the United States' damages, trebled as required by law, and such civil penalties as are allowed by law;

(2) On Counts III and IV, in the amount of funds by Defendants were unjustly enriched or which they obtained though not entitled; and,

(3) Its costs and grant the United States such further relief as the Court may deem just and proper.

Date: April 4, 2018

Respectfully submitted,

Matthew G.T. Martin
United States Attorney

/*s*/ Nathan L. Strup
Nathan L. Strup, Mo. Bar No. 60287
Assistant U. S. Attorney
Middle District of North Carolina
101 S. Edgeworth Street, 4th Floor
Greensboro, NC 27401
(336) 333-5351/nathan.strup@usdoj.gov